IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KWAME MOORE**                                                                            **PLAINTIFF**

v.                                                                             CIVIL ACTION NO. 3:23-cv-3029-KHJ-MTP

**WESTERN WORLD INSURANCE COMPANY**                        **DEFENDANT**

## **ORDER**

THIS MATTER is before the Court on Defendant's Motion to Compel [44]. Having considered the parties' submissions and the applicable law, the Court finds that the Motion [44] should be granted in part and denied in part.

This action arises from an insurance coverage dispute between Plaintiff and his insurance carrier, Defendant Western World Insurance Company, concerning alleged hail damage to Plaintiff's commercial building. On January 17, 2024, Defendant served its first set of requests for production of documents. *See* Notice [19]. Plaintiff responded on February 20, 2024. *See* Notice [24]. Unsatisfied with the responses, Defendant sent Plaintiff a good-faith letter, and the parties began discussions concerning the discovery requests and responses.

On April 26, 2024, the Court conducted a discovery conference with the parties concerning their discovery disputes. The parties did not reach a resolution, and on June 17, 2024, Defendant filed the instant Motion to Compel [44]. Defendant argues that Plaintiff has failed to adequately respond to requests for production of documents, specifically Request Nos. 6-9, 11, 14, 19, 20, 21, 23, and 24-26.

Federal Rule of Civil Procedure 26(b)(1) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits.

1

This Rule also specifies that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id*.  The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979).  At some point, however, discovery yields diminishing returns, needlessly increases expenses, and delays the resolution of the parties' dispute.  Finding a just and appropriate balance in the discovery process is one of the key responsibilities of the Court, and "[i]t is well established that the scope of discovery is within the sound discretion of the trial court." *Freeman v. United States*, 566 F.3d 326, 341 (5th Cir. 2009).

According to Defendant, "Plaintiff has failed to produce emails, text messages and other documents which Western World knows were sent to Plaintiff." *See* Brief [45] at 1.  As an example, Defendant states that in response to a subpoena, Tom Weems (a third party who provided a report to Plaintiff indicating that hail caused damage to Plaintiff's building) produced text messages between he and Plaintiff, which have not been produced by Plaintiff in response to requests[1] for such information. *See* [45] at 5.

In response,[2] Plaintiff, through counsel, asserts that he has "conducted a search of his files and has no other documents to produce" and "cannot produce documents he does not have." *See* Response [48] at 2; Brief [49] at 3.  "Ordinarily, the representation of a party's attorney that no additional documents exist is sufficient to defeat a motion to compel absent credible evidence

---

[1] The requests include Request No 19: Produce all Documents and Communication, including, but not limited to, emails or text messages, You exchanged with an Person relating to the Claim, including, Communications regarding the cause and/or scope of damage to the Building allegedly caused by the claimed hail event(s) in 2022.

[2] Plaintiff filed his Response [48] on July 2, 2024—the day after the deadline to do so ran.  In its Reply [52], Defendant asks the Court to grant its Motion to Compel [44] as unopposed in light of Plaintiff's untimely Response [48].  The Court declines this request and will consider Plaintiff's Response [48].

that the representation is inaccurate.  Consequently, if plaintiffs . . . do not provide any evidence demonstrating that responsive documents do, in fact, exist and are being unlawfully withheld, their motion to compel must fail." *Logan v. Madison Par. Det. Ctr.*, 2013 WL 5781313, at *2 (W.D. La. Oct. 25, 2013) (quotations and citations omitted).

For its part, Defendant argues that "it is clear Plaintiff has not conducted a reasonably diligent search for documents responsive to Western World's discovery requests." *See* [52] at 4. At this time, however, the record does not establish that Plaintiff did or did not conduct a reasonable search.  Plaintiff does not explain what efforts he made to find and produce responsive information or why responsive information he once possessed is no longer in his possession.[3]  Defendant has also not made this showing.  Thus, Defendant has not demonstrated that Plaintiff is unlawfully withholding responsive information despite Plaintiff's representations. Without more, counsel's representation that Plaintiff does not possess responsive information is sufficient to defeat the Motion to Compel [44].

The denial of the Motion to Compel [44], however, will be without prejudice to Defendant's right to reassert it if Defendant can show Plaintiff possesses the information, failed to conduct a reasonable search, wrongfully disposed of the information, or otherwise violated his duties in discovery.  As Plaintiff points out, Defendant may seek discovery from Plaintiff concerning his retention of relevant information and the searches he has conducted during discovery.

Defendant also requests that the Court compel a forensic examination of Plaintiff's computers, cellphones, and mail servers.  The Court finds that this request is premature.  Without information concerning the efforts Plaintiff made to find responsive information or the reasons

---

[3] A little candor from Plaintiff would be helpful in avoiding further discovery disputes and motions on this issue, and the lack of it here will be considered in determining who will bear related costs, if any, if other motions are required.

Plaintiff no longer possesses this information, the Court cannot determine whether a forensic examination is warranted. Thus, this request will also be denied without prejudice.

The Court notes that Plaintiff also argues that he should not be required to "produce duplicative documents which are already in Western World's possession." *See* [49] at 5. However, "'it is nor a bar to the discovery of relevant material that the same material may be in the possession of the requesting party or obtainable from another source.'" *Monsanto Co. v. Adams*, 2001 WL 34079481, at *2 (N.D. Miss. Apr. 26, 2001) (quoting *Fort Washington Resources, Inc. v. Tannen*, 153 F.R.D. 78, 79 (E.D. Penn. 1994)); s*ee also Blackmon v. Bracken Construction Co., Inc.*, 2020 WL 6731113, at *25 (M.D. La. Nov. 16, 2020).

That Plaintiff makes this objection is somewhat curious given Plaintiff's representations that he has no such information, duplicative or otherwise. To the extent Plaintiff is withholding responsive information based on this or any other objection, the Court grants the Motion to Compel [44].[4] On or before July 22, 2024, Plaintiff shall produce any responsive information previously withheld based on this objection or inform Defendant in writing that he is not withholding information based on this objection.

IT IS, THEREFORE, ORDERED that Defendant's Motion to Compel [44] is GRANTED in part and DENIED in part as set forth herein.

SO ORDERED this the 12th day of July, 2024.

                                              s/Michael T. Parker
                                              UNITED STATES MAGISTRATE JUDGE

---

[4] This applies to any objection other than a claim of privilege, in which case a privilege log must be served by July 22, 2024.